Manly, J.
 

 We eonenr with the view which his Honor took of the ease, in the Court below. If the defendants wished to avail themselves of the irregularity, that the warrant was not executed by a person having authority of law to do so, it ought to have been brought to the attention of the justice when they appeared before him. Having appeared and contested the plaintiff’s demand on the merits, they are not at liberty, in the appellate tribunal, to fall back upon the want of a proper service of the process.. The exception to the service, if taken before the justice, would have been good, but it is an irregularity which is waived by a failure to ex
 
 *403
 
 cept at that time, and by going to trial upon the merits. One may be become a party to a suit without service of any pro.cess. He may accept service, or he may actually appearand contest rights in dispute, which is equivalent to acceptance of service, and after a trial upon the merits, in any such case, it is too late for a contestant to say he was not properly brought into Court.
 

 No formal pleadings are requisite in a justice’s court; the warrant is the declaration and memoranda of the objections to the recovery, are the pleas. And if there is a trial of the ease, without objections appearing to the service, or form of the warrant, it will be assumed that these were waived; as pleading in chief, in a court of record, is regarded as a waiver of matters, which might have been made available by plea in abatement. Defences must be brought forward by pleas, or what are considered, in our practice, equivalent to pleas, made in order and in apt time ; else they cannot be heard.
 

 We
 
 are of opinion, therefore, in this case, that the defendants by going to trial before the justice on the merits of their case and without making objection to the want of service by a proper officer, waived that defect of service, and was not at liberty to resort to it in a subsequent stage of the cause.
 

 Per Curiam,
 

 Judgment affirmed.